[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (MOTION NO. 108)
The plaintiff seeks compensation for a loss incurred by reason of the defendant's having failed to make a payment on time. Pursuant to paragraphs 7.5 and 7.6 of the parties' separation agreement, the parties' savings accounts were to "be equally divided between the parties." In order to equally divide these two accounts, the defendant was required to pay the plaintiff $36,000.00. The parties did not specify in their agreement when the payment was to be made. However, at the time of the dissolution hearing on June 7, 2000, the parties agreed that the payment would be made within seven days. (The oral agreement, which was noted by the court, Cutsumpas, J., is set forth on page fourteen of the transcript of the hearing.) The defendant failed to pay $36,000.00 within seven days. On August 22, 2000, the plaintiff filed a motion for contempt seeking payment together with interest. The defendant paid $8,000.00 on August 24, 2000. The motion for contempt was scheduled to be heard on November 29, 2000. It was heard on December 13, 2000. The defendant paid the balance between December 4th and 9th, 2000.
The plaintiff also claims that the defendant has not paid the correct amount of alimony and support. She claims that he has improperly taken credits under paragraph 4.2 of the separation agreement.
Paragraph 4.1 of the agreement provides that the defendant is to pay alimony of $4,583.33 per month. Paragraph 4.2 provides that he is to pay child support of $300.00 per week, minus the cost of car insurance of CT Page 598 $61.39. Paragraph 4.2 further provides as follows: "For the months of April. May and June, 2000, the Husband shall receive credit on sums due for alimony and child support for the direct payments he has made for the benefit of the Wife and/or child, Including without being limited to, mortgage payments, insurance payments. expenses and the like."
With respect to alimony, the defendant has taken $1,610.80 in deductions that he should not have taken. For April, the $132.00 deduction for "Dan's `99 CT Tax Due" and the $150.00 deduction for "Dan's `99 N.Y. Tax Due" were not proper. For July, the $460.00 deduction for defendant's share of a tax refund, the $491.00 deduction for Michael's airfare to Jon's orientation, and the $20.00 deduction for the orientation fee were not proper. For August, the $357.80 deduction for Michael's expenses at Jon's orientation was not proper.
With respect to support, the only expense that the defendant could deduct from the support obligation in July and August was the car insurance payment of $61.39. For those months, the defendant took $366.57 in deductions that he should not have taken. The total of the improper deductions for alimony and support is $1,977.37. Accordingly, the court finds that the defendant has improperly taken $1,977.37 in credits under paragraph 4.2 of the parties' separation agreement.
The foregoing conduct is found to be a wilful violation of the court's orders. The defendant is found to be in contempt of court. By reason of the defendant's conduct, he has caused the plaintiff to suffer a loss on the use of $36,000.00. which at an interest rate often percent is a loss of $690.20, see Exhibit 3. He has not paid $1,977.37 on his alimony and support obligations. The plaintiff is awarded $1,000.00 toward her legal fees. The defendant is ordered to purge himself from contempt by paying the plaintiff $3,667.57 within 60 days of the date of this memorandum.
Thim, J.